# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30837
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISIAH KEITH,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-332-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Isiah Keith appeals his jury conviction for conspiracy to possess with intent to distribute 280 grams or more of cocaine base and possession with intent to distribute 28 grams or more of cocaine base. He claims that the evidence was insufficient to support his conviction on either count. With respect to the conspiracy charge, Keith also contends that, even if the evidence was sufficient to prove a conspiracy, there was a material variance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30837

between the allegation of a single conspiracy in the superseding indictment and the trial evidence which allegedly proved multiple conspiracies.

Keith timely moved for a judgment of acquittal, so we review his sufficiency claim de novo; we review the evidence in the light most favorable to the verdict. *United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007). In determining if there was sufficient evidence to support a conviction, the relevant question is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), *petition for cert. filed* (June 24, 2014) (No. 13-10737). The "only question" before us is whether the jury's "finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012). "Direct and circumstantial evidence are given equal weight, and the evidence need not exclude every reasonable hypothesis of innocence." *United States v. Gonzales*, 79 F.3d 413, 423 (5th Cir. 1996).

A review of the evidence in the light most favorable to the verdict confirms that a rational trier of fact could have found beyond a reasonable doubt that Keith was guilty of conspiracy with intent to distribute. Keith contends that the evidence establishes only that he was in a buyer-seller relationship. The testimony of Kenyetta Bailey, however, indicates that Keith would often "front" him crack, to be repaid at a later date. This fact justifies the inference that Keith conspired with others to distribute crack cocaine; his relationship with Bailey went well beyond that of a "single buy-sell agreement." *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc). Additionally, the quantity of drugs involved, while not by itself sufficient to support a conspiracy conviction, does support the inference that a

conspiracy to distribute crack cocaine existed. *Id.* at 344. Finally, evidence that others were sometimes required to pick up drugs for Bailey further supports the inference of a jointly undertaken enterprise to distribute crack cocaine. *Id.* at 333-34.

Keith maintains that, even if the evidence adduced at trial was sufficient to prove a conspiracy, there was a material variance between the evidence and the facts charged in the superseding indictment. As Keith failed to raise this claim in the district court, we review it for plain error. *See United States v. McCullough*, 631 F.3d 783, 793 (5th Cir. 2011). Keith has not shown that there was a material variance between the indictment and the evidence presented at trial. At the very least, there was sufficient evidence to establish that Keith conspired with Bailey to violate federal drug laws. Even if the conspiracy proved at trial differed from the conspiracy alleged, Keith cannot establish that the variance affected his substantial rights. We have "long held that when the indictment alleges the conspiracy count as a single conspiracy, but the government proves multiple conspiracies and a defendant's involvement in at least one of them, then clearly there is no variance affecting that defendant's substantial rights." *United States v. Faulkner*, 17 F.3d 745, 762 (5th Cir. 1994) (internal quotation and citation omitted). As Keith has not demonstrated a clear or obvious material variance, he cannot demonstrate that his substantial rights were affected. *See id.*

Keith finally contends, in an unorthodox point of error, that the admission of testimony linking him to approximately 80 grams of crack cocaine was evidentiary error and, without that improperly admitted evidence, the remaining evidence was insufficient to support his conviction for possession with intent to distribute. Keith conflates a claim of improperly admitted evidence with a claim of insufficiency of the evidence by contending that the

challenged testimony was inadmissible hearsay and that the government was improperly permitted to elicit the testimony on redirect examination. Keith finally claims that it was error not to allow him to conduct re-cross examination of the relevant witness.

As an initial matter, Keith's passing reference to inadmissible hearsay is insufficient to raise the issue on appeal, and, by failing to brief the argument, he has abandoned it. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010). Keith's central assertion regarding the scope of redirect examination is also unavailing. We review the district court's evidentiary ruling for abuse of discretion. *United States v. Franklin*, 561 F.3d 398, 404 (5th Cir. 2009). Here, the district court did not abuse its discretion. At trial, Keith's counsel opened the door to additional questions from the government on the subject of acceptance of responsibility. *See United States v. Walker*, 613 F.2d 1349, 1353 (5th Cir. 1980). The district court was well within its discretion to allow the government to elaborate more fully on that line of questioning. *See id.* Even if it were error to allow the government to delve into what was said to the witness, the fact that the testimony could be challenged at a later time means that the decision was not prejudicial. *See United States v. Martinez*, 151 F.3d 384, 390 (5th Cir. 1998). Additionally, because Keith could further challenge the testimony, any error was harmless. *See Franklin*, 561 F.3d at 404. Finally, the court's decision to preclude re–cross examination was well within its discretion. *See United States v. Fields*, __ F.3d __, No. 13-70025, 2014 WL 3746479, at 19-20 (5th Cir. July 30, 2014).

As Keith's points of evidentiary error are without merit, we conclude that, when viewed in the light most favorable to the verdict, the record contains sufficient evidence to allow a rational jury to conclude beyond a reasonable

doubt that Keith possessed with intent to distribute 28 grams or more of cocaine base. *See Vargas-Ocampo*, 747 F.3d at 301.

The convictions as to both counts are AFFIRMED.